**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SIRVAN R. MARTIN,

      Petitioner,                       Civil No. 2:11-CV-12976
                                          HONORABLE NANCY G. EDMUNDS
v.                                    UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

      Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

      Sirvan R. Martin, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus through counsel Craig A. Daly pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession with intent to deliver 450 or more but less than 1,000 grams of cocaine, M.C.L. 333.7401(2)(a)(ii), possession with intent to deliver less than five kilograms of marijuana, M.C.L. 333.7401(2)(d)(iii), and possession of a firearm during the commission of a felony, M.C.L. 750.227b.  For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

### I.  Background

      Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

1

Defendant's convictions arise from a November 1, 2006, drug raid of a home located at 11385 Penrod in Detroit. Police officers had previously conducted surveillance of the home and made controlled purchases of cocaine at the residence using an informant. Defendant was the target of their investigation and was observed conducting suspected narcotics transactions. When the police arrived in a raid van, defendant ran inside the home and jumped out a window, breaking the windowpane. Police officers recovered $880 in cash from defendant as well as photographs of defendant, a medical prescription containing his name, seven baggies of marijuana, and $1,300 in cash from inside his vehicle. Officers also recovered from the basement of the home a large bag of crack cocaine, an AK-47 assault rifle, drug paraphernalia, and several bags of marijuana along with a safe containing $20,440 in cash, a small amount of marijuana, and a large amount of cocaine.

*People v. Martin*, No. 279338 * 1 (Mich.Ct.App. December 15, 2009).

Petitioner's conviction was affirmed on appeal. *Id; lv. den.* 487 Mich. 853, 784

N.W. 2d 211 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.     PETITIONER MARTIN IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

II.    PETITIONER MARTIN WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY (A) FAILED TO SEEK SUPPRESSION OF EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT UNSUPPORTED BY PROBABLE CAUSE, (B) FAILED TO OBJECT TO EVIDENCE OR OTHER CRIMINAL ACTIVITY OF THE DEFENDANT AND THEN FAILED TO REQUEST A CAUTIONARY INSTRUCTION, AND (C) FAILED TO OBJECT TO PROSECUTORIAL MISCONDUCT.

III.   PETITIONER MARTIN WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER THE FEDERAL AND STATE CONSTITUTIONS WHEN THE TRIAL COURT GAVE AN AIDING AND ABETTING INSTRUCTION THAT WAS NOT SUPPORTED BY THE EVIDENCE.

IV.    PETITIONER MARTIN WAS DEPRIVED OF DUE PROCESS AND A FUNDAMENTALLY FAIR TRIAL WHEN THE PROSECUTOR USED EVIDENCE OF OTHER ALLEGED CRIMINAL ACTIVITY TO CONVICT THE DEFENDANT AND MISLEAD THE JURY REGARDING THE LAW ON CONSTRUCTIVE POSSESSION.

V.  PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO HAVE THE JURY PROPERLY INSTRUCTED OF THE LAW WHEN THE TRIAL COURT FAILED TO SUA SPONTE INSTRUCT THE JURY ON THE LIMITED USE OF OTHER BAD ACTS ALLEGEDLY COMMITTED BY THE PETITIONER.

VI.  PETITIONER MARTIN WAS DENIED A FAIR TRIAL, HIS RIGHT TO A TRIAL BY JURY AND TO BE PRESUMED INNOCENT WHEN THE OFFICER-IN-CHARGE TESTIFIED THAT HE OBTAINED A SEARCH WARRANT FOR PETITIONER WHICH WAS APPROVED BY A PROSECUTOR AND JUDGE.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent

3

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only

4

"in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. Discussion

### A.   Claims # 1, # 2,   and # 4. The Ineffective Assistance of Counsel/Prosecutorial misconduct claims.

The Court will consolidate petitioner's first, second, and fourth claims for judicial clarity.

In his first claim, petitioner contends that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. In his second claim, petitioner alleges that he was denied of his right to the effective assistance of counsel when counsel 1) failed to seek suppression of evidence, 2) failed to object to evidence of other criminal activity, 3)

5

and failed to object to prosecutorial misconduct. The Court will consider Claims 1 and 2 together, since they are interrelated. For purposes of judicial economy, this Court will also address Petitioner's prosecutorial misconduct claim (Claim # IV) along with the part of his ineffective assistance of counsel claim pertaining to prosecutorial misconduct. See *Millender v. Adams*, 187 F. Supp. 2d 852, 874 (E.D. Mich. 2002).

In regards to petitioner's first claim, the Court does not have the power to grant habeas relief on petitioner's claim that the Michigan courts denied him an evidentiary hearing on his ineffective assistance of counsel claims. There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980). Where a habeas petitioner alleges a denial of his or her right to appeal a state criminal conviction, he or she is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984). In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the Michigan courts erred in denying petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 Fed. Appx. 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585. Accordingly, petitioner would not be entitled to habeas relief on his first claim.

Moreover, even if there is a due process component to petitioner's claims involving the denial of his motion for an evidentiary hearing, deprivation of this sort would not form

6

the basis for issuing a writ of habeas corpus, but might support a request for an evidentiary hearing in this Court for the purpose of developing a record on the petitioner's ineffective assistance of counsel claims. *See May v. Renico,* 2002 WL 31748845, * 5 (E.D. Mich. November 12, 2002). This Court must determine whether petitioner is entitled to an evidentiary hearing on his claims.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). A habeas petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003)(petitioner was not entitled to an evidentiary hearing on his claims that he was denied his right to counsel and that his appellate counsel rendered ineffective assistance, where he did not assert any facts which, if true, would establish a constitutional error). As will be discussed below, petitioner's ineffective assistance of counsel claims are without merit, therefore, he is not entitled to an evidentiary hearing on

7

these claims.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Strickland's test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles*

8

*v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. at 473).

"The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785. "Surmounting Strickland's high bar is never an easy task." *Id.* at 788 (*quoting Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

> *Harrington v. Richter*, 131 S. Ct. at 788.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *See Cullen v. Pinholster,* 131 S. Ct. 1388, 1407 (2011).

### 1. Suppression of Evidence

9

Petitioner argues that his trial counsel failed to seek suppression of the evidence that was seized pursuant to a search warrant that he claims was unsupported by probable cause.  To prove that counsel's failure to litigate a Fourth Amendment claim competently is the principal claim of ineffectiveness, a defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence, in order to demonstrate actual prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *See also Mack v. Jones*, 540 F. Supp. 2d 840, 848 (E.D. Mich. 2008).

The record reflects that "defense counsel elicited testimony that defendant lived at a different address." *Martin*, Slip Op. * 4.  Petitioner most likely had no standing to bring a Fourth Amendment  challenge, thus, counsel was not ineffective in failing to bring the motion  to suppress.  *Thornton v. U.S.*, 193 F. Supp. 2d 1026, 1029 (E.D. Mich. 2002)(Trial counsel's decision not to move to suppress evidence flowing from search warrant did not prejudice defendant in prosecution on murder, drug, and firearm charges, and thus, did not constitute ineffective assistance of counsel, absent any showing by defendant, on his motion to vacate, that he had standing to challenge the searches of the relevant locations).

Furthermore, the Michigan Court of Appeals also found sufficient evidence to support a warrant based on probable cause.

> A Secretary of State and LEIN search revealed that defendant lived at the Penrod residence, and the informant identified a picture of defendant as the person known as "Van." The affidavit further indicated that, within the previous few weeks, police officers conducted surveillance of the home and witnessed defendant engage in hand-to-hand transactions with the occupants of several vehicles, which were indicative of narcotics trafficking. Police officers also observed defendant leave the residence in the Chevy van. Moreover, the affidavit stated that police officers made

a controlled purchase of narcotics from defendant with the aid of a confidential informant within the previous two weeks.

Further, the affidavit indicated that, within the previous 24 hours, defendant was observed conducting a narcotics transaction at the residence with the driver of a beige Cadillac. Finally, the affidavit stated that, within the next 48 hours, the police would instruct "informant 448" to contact defendant via cell phone and arrange to purchase narcotics. The affidavit indicated that police officers would conduct a search of the residence only if defendant told the informant that he had the narcotics and instructed the informant to come to the house to make the purchase.

The affidavit provided a substantial basis for a magistrate to conclude that there existed probable cause to believe that narcotics and drug trafficking paraphernalia would be found at the residence. Moreover, the affidavit demonstrates that the informant spoke with personal knowledge, was credible, and provided reliable information. The police officers' surveillance of the residence and defendant's activity corroborated the informant's allegations. Secretary of State and LEIN records also connected defendant with the residence, and the informant identified a photograph of defendant as the person known as "Van" from who the informant had previously purchased narcotics. The informant was also able to point out defendant's vehicle. The success of the controlled narcotics purchase established that the informant's information was reliable. See *People v. Head*, 211 Mich.App. 205, 209, 535 N.W.2d 563 (1995). In addition, the information was not stale considering that the affidavit alleged ongoing criminal activity rather than a single criminal episode. See *People v. Russo*, 439 Mich. 584, 605, 487 N.W.2d 698 (1992).

*Martin*, Slip Op. * 2-3.

Assuming that petitioner had standing to challenge the search of the Penrod residence, the statements in the affidavit supported issuance of the search warrant based on a finding of probable cause. Trial counsel thus did not render ineffective assistance by failing to make a Fourth Amendment challenge to the warrant. *Worthington v. U.S.*, 726 F. 2d 1089, 1091-92 (6th Cir. 1984).

### 2. Other Criminal Activity

Petitioner next contends that trial counsel failed to object to the use of other criminal activity.

11

The Michigan Court of Appeals also rejected this part of petitioner's ineffective assistance of counsel claim, on the ground that most, it not all, of the evidence that petitioner contends should have been excluded was admissible under M.R.E. 404(b). Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the Michigan Court of Appeals determined that most, not all, of this evidence was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280 F.Supp.2d 704, 721 (E.D. Mich. 2003). In the present case, the Michigan Court of Appeals' determination that petitioner was not denied the effective assistance of trial counsel because of counsel's failure to object to the admission of this "bad acts" evidence was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, in light of the Michigan Court of Appeals' finding that this "bad acts" evidence was admissible under Michigan law. *See Pearl v. Cason*, 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).

A brief review of the complained of testimony establishes that such evidence would have been admissible under 404(b). Petitioner alleges that counsel failed to object to the admission of evidence pertaining to prior drug sales and drug trafficking activity at the Penrod residence. The Michigan Court of Appeals found that the evidence was properly admitted under the *res gestae* exception.

This exception allows the admission of evidence of other bad acts when they are

12

so connected to the charged offense that their admission is necessary for the jury to hear the "complete story." *People v. Sholl*, 453 Mich. 730, 742, 556 N.W.2d 851 (1996). In *Sholl*, our Supreme Court recognized that " '[i]t is the nature of things that an event often does not occur singly and independently, isolated from all others, but, instead, is connected with some antecedent event from which the fact or event in question follows as an effect from a cause.' " *Id.*, quoting *State v. Villavicencio*, 95 Ariz. 199, 388 P.2d 245 (1964). In other words,

"[e]vidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime." [ *Sholl, supra* at 742, 556 N.W.2d 851, quoting *Villavicencio, supra* at 201, 388 P.2d 245.]

Thus, MRE 404(b) does not preclude the admission of evidence intended to give the jury an intelligible presentation of the full context in which disputed events occur. *Sholl, supra* at 741, 556 N.W.2d 851.

Here, evidence of defendant's drug trafficking and activity that occurred at the residence was properly admitted to explain why the police were investigating defendant and why they executed a drug raid of the house.  Sergeant Scott Murray testified that the police had received information regarding defendant and conducted surveillance of the house before the raid. Defendant was observed conducting suspected narcotics transactions in front of the house. In addition, Sergeant Novakowski testified that defendant was the target of the investigation and was named in the search warrant. This evidence told the "complete story" surrounding the offenses and explained why the police were executing a drug raid of the home and why they focused their investigation on defendant. Thus, the evidence was properly admitted under the res gestae exception to MRE 404(b) and the prosecutor did not engage in misconduct by eliciting such evidence. Moreover, because the evidence was properly admitted, defense counsel was not ineffective for failing to object to its admission. *People v. Mack*, 265 Mich. App. 122, 130, 695 N.W.2d 342 (2005).

*Martin,* Slip Op. at * 5.

Background evidence, often referred to as *res gestae*, does not implicate the provisions of 404(b). *United States v. Hardy*, 228 F. 3d 745, 748 (6th Cir. 2000). Background evidence consists of other acts which are "inextricably intertwined" with the charged offenses or those acts, "the telling of which is necessary to complete the story of the charged offense." *Id.*  The Sixth Circuit explained that:

"Proper background evidence has a causal, temporal or spatial connection with the charged offense.  Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense."

*United States v. Hardy*, 228 F. 3d at 748.

In this case, prior drug trafficking formed an integral part of the testimony of the witnesses concerning petitioner's activities prior to the execution of the search warrant. Petitioner has failed to show that such evidence would have been inadmissible under 404(b).  Although references to other crimes evidence is inadmissible, a prosecutor is entitled to explain the circumstances surrounding the investigation and arrest of the defendant. *See U.S. v. Stafford*, 232 Fed. Appx. 522, 526-27 (6th  Cir. 2007); *People v. Eaton*, 114 Mich. App. 330, 338; 319 N.W.2d 344 (1982).

In light of the foregoing, petitioner has failed to establish that trial counsel was ineffective for failing to object to evidence pertaining to other criminal activity in this case. Furthermore, since this evidence was admissible under 404(b), counsel's failure to request a limiting instruction did not constitute ineffective assistance of trial counsel. *See Jackson v. U.S.*, 248 F. Supp.2d 652, 657 (E.D. Mich. 2003).

Moreover, trial counsel's decision not to request limiting instructions may have been perfectly sound from a tactical standpoint, because "[S]uch instructions inevitably invite the jury's attention to matters the defendant normally prefers not to emphasize...". *See Ferguson v. Knight*, 809 F. 2d 1239, 1243 (6th Cir. 1987). *See also Ashe v. Jones*, 208 F. 3d 212 (Table); 2000 WL 263342, at *6 (6th Cir. February 29, 2000)(unpublished opinion)(stating that counsel may have decided, as part of a reasonable trial strategy, not to request an instruction limiting the jury's consideration of the prior bad acts evidence

14

based on the belief that such an instruction would bring undue attention to the other acts); *Stamps v. Rees*, 834 F. 2d 1269, 1276 (6th Cir. 1987)(failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that ... counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them"). In this case, petitioner has also failed to overcome the presumption that counsel's decision to forego requesting cautionary instructions was a reasonable trial tactic to avoid giving undue attention to petitioner's prior bad acts. Petitioner is not entitled to habeas relief on the second part of his ineffective assistance of counsel claim.

3. Failure to Object to Prosecutorial Misconduct.

Petitioner next claims that trial counsel was ineffective for failing to object to prosecutorial misconduct that occurred when the prosecutor elicited testimony that the police made a controlled narcotics purchase and observed petitioner engaging in narcotic transactions at the Penrod residence. Petitioner also claims that the prosecutor erroneously advised the jury regarding constructive possession.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir.2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir.2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the

15

circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45; *See also Caldwell v. Russell*, 181 F.3d 731, 736 (6th Cir.1999) (stating that "[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation"). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir.1997) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)). Finally, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F. 3d 501, 516 (6th Cir. 2006)(quoting *Donnelly*, 416 U.S. at 645). Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 131 S. Ct., at 786–87). This is particularly so, "because the *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations[,]'". *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. at 664).

Petitioner first claims that the prosecutor committed misconduct by introducing prior bad acts evidence against him at his trial.

16

Although petitioner has framed his prior bad acts evidence claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008).

Moreover, petitioner's claim pertaining to bad acts evidence is without merit. The evidence of alleged other criminal activity pertains to *res gestae* evidence utilized to explain why the police were investigating petitioner, the subsequent execution of the search warrant, and raid of the house. Likewise, the prosecution's reference to petitioner's drug trafficking was not improper, being that it was in reference to the *res gestae* evidence that the court ruled admissible at trial. The Michigan Court of Appeals also found the petitioner's claim lacked merit being that "[t]his evidence told the 'complete story' surrounding the offenses and explained why the police were executing a drug raid of the home and why they focused their investigation on defendant." *Martin,* Slip Op. * 5.

Petitioner's related claim that the evidence should have been excluded because it was irrelevant would not entitle him to habeas relief. In the present case, the evidence was relevant to explain the circumstances prior to the issuance of the search warrant. Moreover, had the evidence not been relevant, petitioner's claim that he was denied a fair trial by the admission of irrelevant and prejudicial evidence would not form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

17

Petitioner's fourth claim also contends that the prosecutor committed misconduct by erroneously instructing the jury on the law of constructive possession.  The Michigan Court of Appeals found that the prosecutor did not instruct the jury on constructive possession but merely provided examples as a possible alternative theory.  In rejecting this claim, the Michigan Court of Appeals also noted that the trial court judge properly instructed the jury regarding constructive possession. *Martin*, Slip. Op. at *5-6.

In light of the trial court's instructions on the elements required for constructive possession, any misstatements by the prosecutor were harmless error, at worst. *See United States v. Deitz*, 577 F. 3d 672, 696-97 (6th Cir. 2009).  Petitioner was not deprived of a fair trial because of prosecutorial misconduct.

Because the Court has already determined that the prosecutor did not commit misconduct in this case, petitioner is unable to establish that he was prejudiced by counsel's failure to object to the prosecutor's remarks. *Slagle*, 457 F. 3d at 528.  Petitioner is not entitled to habeas relief on his first, second, and fourth claims.

**B. Claims # 3 and 5. Jury Instructions.**

Petitioner also alleges, in Claim 3, that the trial court improperly instructed the jury pertaining to the theory of aiding and abetting.  Claim 5 alleges that the trial court failed to sua sponte instruct the jury on the limited use of bad acts evidence.  The court will discuss claims 3 and 5 together, since they pertain to allegations involving jury instruction error.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a

18

collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191. Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Moreover, in determining whether to grant habeas relief to a habeas petitioner based upon an erroneous jury instruction, the reviewing court must determine whether that instruction had a substantial and injurious effect or influence on the jury's verdict. *See Hedgpeth v. Pulido*, 555 U.S. 57, 61-62 (2008); *California v. Ray*, 519 U.S. 2, 5 (1996).

Petitioner initially contends that the trial court erred in giving the jury an instruction on aiding and abetting, because there was no evidence that he aided and abetted another person. In the present case, petitioner argued that he did not possess the drugs. The record reflects that police discovered another individual by the name of Hightower in the basement of the home and petitioner's mother upstairs. Defense counsel also argued that petitioner did not live in the home and that they, not he, possessed the drugs and gun

19

found in the home. (T. April 30, 2007, pp. 121-124).

The Michigan Court of Appeals denied petitioner's claim, finding that the trial court did not commit error by instructing the jury on the theory of aiding and abetting.

> "To establish that a defendant aided and abetted a crime, the prosecutor must prove that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the principal in committing the crime, and (3) the defendant intended the commission of the crime or knew the principal intended its commission at the time he gave aid or encouragement." *Id.* A jury may be instructed on aiding and abetting when "(1) more than one person was involved in committing a crime, and (2) the defendant's role in the crime may have been less than direct participation in the wrongdoing." *People v. Bartlett*, 231 Mich.App. 139, 157, 585 N.W.2d 341 (1998).
>
> The trial court did not err by instructing the jury on an aiding and abetting theory. Defense counsel argued during his opening statement that defendant did not possess the marijuana, cocaine, and firearm recovered from the Penrod residence. Rather, counsel argued that those items were found in the possession of others. In accordance with this argument, the evidence showed that defendant's mother and John Hightower were inside the residence during the execution of the search warrant. Police officers found Hightower in the basement. During closing argument, defense counsel contended that Hightower was in the basement near the drugs and firearm and in possession of the safe at the time of the raid. Moreover, defense counsel elicited testimony that defendant lived at a different address. Thus, contrary to defendant's argument, the evidence showed that more than one person may have been involved in committing the offenses. Accordingly, the trial court's decision to instruct the jury on an aiding and abetting theory was not outside the range of reasonable and principled outcomes. *Brown*, *supra* at 144, 755 N.W.2d 664.

*Martin*, Slip Op. * 4.

Under Michigan law, a criminal defendant may be charged as a principal but convicted as an aider and abettor without violating due process. *See People v. Turner*, 213 Mich. App. 558, 568; 540 N.W. 2d 728 (1995); *overruled in part on other grounds in People v. Mass*, 464 Mich. 615, 628; 628 N.W. 2d 540 (2001). Likewise, under federal law, a defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission, although not named in the

20

indictment as an aider and abettor, without violating federal due process. *See Hill v. Perini*, 788 F.2d 406, 407 (6th Cir. 1986)(citing *Stone v. Wingo*, 416 F. 2d 857 (6th Cir. 1969)). It is thus not improper for a state trial court to instruct a jury on the elements of aiding and abetting, even if the habeas petitioner was charged as the principal. *Hill*, 788 F. 2d at 408; *See also O'Neal v. Morris*, 3 F. 3d 143, 145 (6th Cir. 1993), *rev'd on other grounds sub nom O'Neal v. McAninch*, 513 U.S. 432 (1995). Petitioner is not entitled to habeas relief on his third claim.

Petitioner also contends that the trial court failed to *sua sponte* instruct the jury on limited use to bad acts evidence. The Michigan Court of Appeals found that a jury instruction was not warranted because "the evidence involving defendant's narcotics transactions and drug activity conducted at the Penrod residence was admissible under the res gestae exception to MRE 404(b)." *Martin*, Slip Op. * 7.

When the evidence at a habeas petitioner's trial does not support a particular jury instruction, based upon a state court's interpretation and application of state law, any alleged error based on that particular jury instruction is not cognizable in federal habeas review unless the failure to give the instruction amounts to a fundamental miscarriage of justice. *Bowling v. Parker*, 138 F. Supp. 2d 821, 906 (E.D. Ky. 2001). In the present case, the Michigan Court of Appeals determined that petitioner was not entitled to a limiting instruction pertaining to other bad acts evidence. The evidence was admissible pursuant to the *res gestae* exception of MRE 404(b). Petitioner's fifth claim is without merit.

### C.  Claim  # 6. Subversion of the presumption of innocence.

Petitioner's final claim alleges that testimony provided by an officer pertaining to the procedure by which the search warrant was obtained violated his right to the presumption

of innocence.  Upon reviewing the record, the Michigan Court of Appeals found that the

given testimony merely explained the procedure in which a search warrant is procured.

> Sergeant Murray's testimony did not bolster the prosecutor's case or subvert
> defendant's presumption of innocence. Rather, Sergeant Murray explained the
> procedure for obtaining a search warrant and indicated that the procedure had
> been followed before the execution of the warrant in this case. Accordingly,
> defendant's argument lacks merit.

*Martin*, Slip Op. * 8.

An explanation given by police officers pertaining to the procedures utilized to

obtain a search warrant does not violate a criminal defendant's right to be presumed

innocent. *See United States v. Hendrix*, 509 F.3d 362, 373 (7th Cir.2007)(single statement

from a police officer that a judge approved a search warrant for the defendant's apartment

"did not inappropriately strengthen the prosecution's case and was not unfairly

prejudicial.").  In addition, the officer's testimony did not render the trial unfair in light of the

court's instruction on the presumption of innocence. (Tr. 5/2/07, pp. 82-83).  *Kellogg v.

Skon*, 176 F. 3d 447, 451 (8th Cir. 1999).  Petitioner is not entitled to habeas relief on his

sixth claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny

a certificate of appealability to petitioner.  In order to obtain a certificate of appealability,

a prisoner must make a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that

reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer

23