UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIR'VAN MARTIN,

    Petitioner,                                    Civil No. 2:11-CV-12976
                                                  HONORABLE NANCY G. EDMUNDS
v.                                          UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR AN EXTENSION OF TIME TO FILE AN APPEAL**

On May 6, 2014 petitioner filed a late notice of appeal. Petitioner's counsel's filed motion for relief from judgment on August 11, 2014. Petitioner now seeks to reopen the case in order to extend the time for filing an appeal in the above habeas case. For the reasons stated below, the motion is **DENIED.**

On October 31, 2013, this Court denied petitioner's habeas application brought pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Martin v. Rivard,* No. 2:11-CV-12976; 2013 WL 5902624 (E.D. Mich. October 31, 2013).

On May 6, 2014, petitioner signed and dated a notice of appeal. Within this notice of appeal, petitioner indicated that he never received notice from his counsel that his petition had been denied. Petitioner claimed that he wrote his attorney a letter on April 17, 2014 concerning the status of his case but never received a response.[1] The Court is willing

---

[1] Under the "prison mailbox rule", this Court is willing to consider petitioner's notice of appeal to have been filed with this Court on May 6, 2014, the date that it was signed and dated. *See U.S. ex rel.*

1

to construe petitioner's late notice of appeal as a request for an extension of time to file a late appeal. *See e.g. Pryor v. Marshall,* 711 F. 2d 63, 65 (6th Cir. 1983).

On August 11, 2014, petitioner's counsel filed a motion for relief from judgment, requesting an extension of time to file an appeal.  Petitioner's counsel acknowledges that his office received electronic notice of the opinion and judgment on November 1, 2013. Petitioner's counsel claimed that normally his office manager/secretary would print out any notice of an electronic filing from the court but his secretary was away from the office from October 30, 2013 to November 10, 2013 due to the death of a friend and a move to a new residence.  Petitioner's counsel claims that as a result, he was unaware that the habeas petition had been denied until he was notified by petitioner on May 8, 2014.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Because more than thirty days have elapsed from when this Court denied petitioner's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless petitioner was granted an extension of time.

A party asserting that he or she failed to receive prompt notice of an order that he or she wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). *Zak v. United States*, 133 F. 3d 451, 453 (6th Cir.

---

*Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on October 31, 2013. Petitioner had until November 30, 2013 to file a notice of appeal. Petitioner therefore had until December 30, 2013 to file for an extension of time to file an appeal pursuant to Rule 4(a)(5). Petitioner's notice of appeal is dated May 6, 2014 and his motion for relief from judgment is dated August 11, 2014. Because petitioner's notice of appeal and counsel's motion for relief from judgment were filed more than 30 days after the expiration of the time to appeal, petitioner is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5). *Bailey v. St. Ambrose Academy*, 38 F. 3d 1215(Table); No. 1994 WL 589680, at *1 (6th Cir. Oct. 21, 1994).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a

notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 Fed. Appx. 337, 338 (6th Cir. 2001).

Petitioner is not entitled to invoke the provisions of Fed.R.App. P. 4(a)(6) to extend the time to file a notice of appeal. Petitioner filed his notice of appeal and counsel filed his motion for relief from judgment more than 180 days after this Court entered the order denying habeas relief. Although 4(a)(6) provides that the time for filing an appeal can be reopened when a litigant does not receive notice of a judgment, "it establishes 180 days after the judgment or order is entered as the outer limit by which a motion to reopen must be filed." *Maples v. Thomas,* 132 S.Ct. 912, 933(2012)(Scalia, J., dissenting)(citing Fed. Rule App. Proc. 4(a)(6)(B)); See also the Advisory Committee Notes to Rule 4(a)(6); *Bowles,* 432 F. 3d at 673 (the 180-day limitation in Fed.App. R. P. (4)(a)(6) is "specific and unequivocal."). Thus, even if petitioner filed his motion to reopen the case within seven days of receiving notice of the judgment, his motion is untimely because petitioner did not file his motion within 180 days of the judgment, the earlier of the limits provided by Fed.R.App. P. 4(a)(6). *Leonard v. Holmes*, 335 Fed.Appx. 896, 898 (11th Cir. 2009); *See also Hudson v. Dipaolo,* 179 Fed.Appx. 705, 705-06 (1st Cir. 2006); *Moss v. Secretary for Dept. of Corrections,* 177 Fed. Appx. 911, 913 (11th Cir. 2006).

Moreover, even if this Court had the authority to reopen the time for petitioner to appeal, it would decline to do so because petitioner "failed to fulfill his duty to diligently monitor" this Court's docket. *Hudson,* 179 Fed. Appx. at 706. Finally, the 180 day time limit contained within 4(a)(6) may not be waived for equitable reasons. *Bowles,* 432 F. 3d at

4

673.

## ORDER

Based upon the foregoing, the motions for an extension of time to file an appeal [Dkt.## 8, 11] are DENIED.

                                               s/ Nancy G. Edmunds
                                               **HON. NANCY G. EDMUNDS**
                                               UNITED STATES DISTRICT JUDGE

DATED: August 19, 2014