**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SIR'VAN MARTIN,

Petitioner,                                    Civil No. 2:11-CV-12976
                                               HONORABLE NANCY G. EDMUNDS
v.                                             UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

Before the Court is petitioner's motion for reconsideration from the denial of his motions for an extension of time to file an appeal. For the reasons that follow, the motion for reconsideration is DENIED.

**I. Background**

On October 31, 2013, this Court denied petitioner's habeas application brought pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability and *leave to appeal in forma pauperis. Martin v. Rivard*, No. 2:11-CV-12976; 2013 WL 5902624 (E.D. Mich. October 31, 2013).

On May 6, 2014, petitioner filed a late notice of appeal, which this Court construed in part as a motion for an extension of time to file an appeal. Petitioner's counsel filed a motion for relief from judgment on August 11, 2014, in which he again sought an extension of time to file an appeal. In his motion for relief from judgment, petitioner's counsel acknowledged that his office received electronic notice of the opinion and judgment on November 1, 2013. Petitioner's counsel claimed that normally his office manager/secretary

1

would print out any notice of an electronic filing from the court but his secretary was away from the office from October 30, 2013 to November 10, 2013 due to the death of a friend and a move to a new residence. Petitioner's counsel alleged that as a result, he was unaware that the habeas petition had been denied until he was notified by petitioner on May 8, 2014.

On August 19, 2014, the Court denied petitioner's motions for an extension of time to file an appeal. *Martin v. Rivard*, No. 2:11-CV-12976; 2014 WL 4109703 (E.D. Mich., August 19, 2014). The Court denied the motions because petitioner filed his notice of appeal and counsel filed his motion for relief from judgment more than 180 days after this Court entered the order denying habeas relief. The Court noted that although Fed. R. App. P. 4(a)(6) provides that the time for filing an appeal can be reopened when a litigant does not receive notice of a judgment, the rule established 180 days after the judgment or order is entered as the outer limit by which a motion to reopen must be filed. The Court further declined to reopen the time for petitioner to appeal because he "failed to fulfill his duty to diligently monitor" this Court's docket. *Id.*

## II. Discussion

In his motion for reconsideration, petitioner acknowledges that although Fed. R. App. P. 4(a)(6) establishes a 180 day limit for extending time to file an appeal, Fed. R. Civ. P 60(b) allows a litigant to use a motion for relief from judgment to obtain an extension of time to file an appeal.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be

2

granted. *See Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *See MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Rule 4(a)'s time limits are codified by statute. See 28 U.S.C. § 2107(a).  As such, they are "mandatory and jurisdictional." *See Bowles v. Russell*, 551 U.S. 205, 209 (2007) (citing cases and explaining that federal appellate courts "routinely and uniformly dismiss untimely appeals for lack of jurisdiction"); *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415–16 (6th Cir.2010)(affirming district court ruling that it lacked authority to grant a filing extension once the Rule 4 deadline for filing has expired).

Because Rule 4(a) is jurisdictional, a Rule 60(b) motion should not be used to circumvent its time requirements and extend or re-open the time for filing a notice of appeal. *See Farner v. Workman*, 302 F. App'x 762, 764–65 (10th Cir. 2008)(discussing *Clark v. Lavallie*, 204 F.3d 1038, 1040–41 (10th Cir. 2000)); *Jackson v. Crosby*, 437 F.3d 1290, 1296 (11th Cir. 2006); *Zimmer v. Beaty*, 32 F. 3d 357, 360 (8th Cir.1994); *Poindexter v. Renico*, No. 04–CV–40029, 2010 WL 3168621, *2 (E.D.Mich. Aug.10, 2010)(Murphy, J.); *See also Bowles*, 551 U.S. at 214 (noting that even the Supreme Court "has no authority to create equitable exceptions to jurisdictional requirements"); *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F. 3d 678, 687 (6th Cir.1999)("If an attorney's misrepresentation of the rules constitutes 'mistake' justifying the setting aside of a judgment under Rule 60(b)

3

to permit a second bite at the appeal apple, the requirements and limitations of Fed. R.App. P. 4 are meaningless").

Although the case of *Lewis v. Alexander*, 987 F.2d 392, 295–96 (6th Cir.1993), as cited to by petitioner, seems to support petitioner's argument that a Rule 60(b)(6) motion can be used to have a federal district court re-issue its judgment and restart the appeal period, that decision has been criticized by a number of courts, including the Sixth Circuit itself. *See e.g., Brown v. United States*, No. 11–5293, 2011 WL 3555630, *1 (6th Cir. Aug.3, 2011); *FHC Equities*, 188 F.3d at 684 (noting that other courts have "roundly disagreed" with *Lewis*), and appears to be no longer good law in light of the Supreme Court's decision in *Bowles, supra*.  This Court thus declines to follow *Lewis* because it lacks the authority to reissue its judgment under Rule 60(b)(6) in order to allow petitioner to circumvent Rule 4's time limits for filing a notice of appeal.

Moreover, even if this Court had the power to grant an extension of time under Rule 60(b) to file an appeal, it would decline to do so.  This is not a case where petitioner's counsel claims that his office never received timely electronic service of a copy of the Court's order and judgment via e-mail. *Compare Dempster v. Dempster,* 404 F. Supp. 2d 445, 448-49 (E.D.N.Y. 2005).  In this case, petitioner is not entitled to an extension of time under 4(a)(6) to file an appeal, because it is undisputed that petitioner's counsel received an e-mail notification of this Court's order denying habeas relief within one day of the issuance of the judgment. *Id.*  Petitioner's counsel instead claims that his office manager and secretary was away from the office for a ten day period between October 30, 2013, and November 10, 2013, which prevented him from being notified about the Court's decision.  This would be insufficient to establish excusable neglect to permit the filing of a

4

late appeal. *See e.g. In re Boggs,* 246 B.R. 265, 267-68 (6th Cir.2000)(plaintiffs failed to establish excusable neglect to permit late appeal from bankruptcy court where only excuse offered was in nature of clerical problem, which was caused by serious illness of party responsible for handling mail in office of plaintiffs' attorneys).  Petitioner's counsel is also not entitled to an extension of time to file an appeal because he offers no explanation why he waited over three months after being notified by petitioner about this Court's decision before filing a motion to reopen the time for filing an appeal. *See Marsh v. Richardson,* 873 F. 2d 129, 131 (6th Cir. 1989).

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that petitioner is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(6).  The Court will not reissue its October 31, 2013 judgment.  Petitioner's motion for reconsideration [Dkt. # 13] is DENIED.  This case remains closed.

IT IS SO ORDERED.

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

DATED: September 12, 2014